Robert ANDERSON, et al.

v.

Lillian SWANSON.

Supreme Judicial Court of Maine.

Argued Nov. 3, 1987.
Decided Dec. 16, 1987.

---

Robert H. Furbish, (orally), Smith & Elliott, P.A., Saco, for plaintiffs.

Durward W. Parkinson (orally), Bernstein, Shur, Sawyer & Nelson, Kennebunk, for defendant.

Before McKUSICK, C.J., and NICHOLS, ROBERTS, WATHEN, SCOLNIK and CLIFFORD, JJ.

WATHEN, Justice.

Defendant Lillian Swanson, applicant for a zoning variance and for a building permit, appeals from a judgment of the Superior Court (York County) reversing the decision of the Biddeford Board of Zoning Appeals to grant a variance. Plaintiffs, Robert and Janet Anderson, owners of adjacent property, cross-appeal from the judgment of the Superior Court affirming the Board's decision to uphold the grant of a building permit. Defendant contends that plaintiffs lack standing to appeal the decision of the Board and that the Superior Court erroneously reversed the decision of the Board. In their cross-appeal, plaintiffs argue that both the Board and the Superior Court erroneously interpreted an ordinance in upholding the issuance of a building permit. We find no error in the judgment of the Superior Court and accordingly, we affirm.

## I.

The relevant facts may be summarized as follows: In 1976 the City of Biddeford adopted a zoning ordinance. In June, 1984, defendant purchased an 8250 square foot lot, together with a two-story house. The property is located in Biddeford between Biddeford Pool and Sky Harbor Drive. Designated as residential within a shoreland zone under the zoning ordinance, the property is subject to a minimum lot size and certain set back requirements. The existing two-story building is twenty feet by thirty-two feet and has a living room, kitchen, bedroom and bathroom on the first floor and three bedrooms on the second floor.

After denying defendant's initial request for a variance, the Board on July 10, 1985, granted defendant's second application for a variance from certain setback requirements to add a twenty-four foot by thirty-six foot addition to the house. On July 18, 1985, plaintiffs appealed from the Board decision to the Superior Court pursuant to 30 M.R.S.A. § 2411(3)(F) (1978 & Supp. 1987).

In a separate matter, on August 26, 1985, the Biddeford building inspector granted defendant a building permit to construct a free-standing twenty-four foot by eight foot shed on the same property. After a public hearing, the Board denied plaintiffs' appeal from the decision of the building inspector. Plaintiffs appealed to the Superior Court. After hearing the two matters on a consolidated basis, the Superior Court upheld the Board's decision on the building permit, finding the decision was not arbitrary, capricious, unlawful or unreasonable, but reversed the Board's decision on the variance, finding insufficient evidence to support the Board's conclusion of undue hardship. From this judgment the parties appeal.

## II.

We first address the preliminary issue of plaintiffs' standing. Pursuant to 30 M.R.S.A. § 2411(3)(F) (1978 & Supp. 1987), any party may appeal from the decision of a Zoning Board of Appeals. "Party status involves a twofold showing: (1) the appel-

lant must have been a party before the Board and (2) the appellant must demonstrate that he will suffer a particularized injury as a result of the Board's action." *Grand Beach Ass'n v. Old Orchard Beach*, 516 A.2d 551, 553 (Me.1986) (quoting *Harrington v. Inhabitants of Town of Kennebunk*, 459 A.2d 557, 559 (Me.1983)). There is no dispute that plaintiffs were parties before the Board. Defendant contends, however, that plaintiffs have not demonstrated a particularized injury. "The requirement of 'particularized injury' is met when the judgment adversely and directly affects the party's property, pecuniary or personal rights." *New England Herald Dev. Group v. Falmouth*, 521 A.2d 693, 695 (Me.1987). It is well established that this Court has "not required a high degree of proof of a particularized injury." *Grand Beach Ass'n*, 516 A.2d at 553.

While we have not as yet declared that any abutting owner has a potential for injury sufficient to confer standing, we have on many occasions found such a relationship sufficient in combination with an additional allegation of injury. *See, e.g., Grand Beach Ass'n*, 516 A.2d at 553–54 (abutting owner to a proposed condominium has standing where condominium would cast shadows on his property); *Singal v. City of Bangor*, 440 A.2d 1048, 1051 (Me.1982) (neighborhood resident has standing because of potential noise and depreciation of surrounding property value). In this case plaintiffs, who own adjacent property, presented evidence that the proposed addition to defendant's property would block their view of Biddeford Pool and would lower the value of their property. We find that the proximate location of

their property, together with the threatened obstruction of their view, sufficiently demonstrates a potential for particularized injury.[1] We hold that plaintiffs have sufficient standing to seek review of the action of the Board of Zoning Appeals. *Grand Beach Ass'n*, 516 A.2d at 553–54; *Leadbetter v. Ferris*, 485 A.2d 225, 227 (Me.1984).

### III.

■ We have previously stated that "[t]he standard of review for the variance decision permits relief only if we find an abuse of discretion, an error of law, or findings not supported by substantial evidence on the record." *Grand Beach Ass'n*, 516 A.2d at 554. "Neither the Superior Court nor this Court is entitled to substitute its judgment for that of the Board." *Id.* We "must only review the record to determine whether there is evidence to support the Board's conclusion." *Id.*[2] We find there was insufficient evidence to support the Board's conclusions; accordingly, we affirm the Superior Court's decision to reverse the Board's ruling.

In pertinent part, the statutory requirements for the granting of a variance are:

*3. Variance.* A variance may be granted by the board only where strict application of the ordinance, or a provision thereof, to the petitioner and his property would cause undue hardship. The words "undue hardship" as used in this subsection mean:

A. That the land in question cannot yield a reasonable return unless a variance is granted;

B. That the need for a variance is due to the unique circumstances of the

---

1. In *Harrington v. Inhabitants of Town of Kennebunk*, 459 A.2d 557, 560 & n. 3 (Me.1983), we considered whether obstruction of view was sufficient to confer standing. In that case, however, there was no evidence that the view would be obstructed.

2. In this case the record is incomplete due to the inadvertent erasure of the tape prior to the conclusion of the final Board hearing. Therefore, there are no findings or conclusions by the Board in the record. "The absence of findings,

at least where there is no request therefor, will not in and of itself constitute reversible error," particularly if under the circumstances the necessary implicit findings are present. *Driscoll v. Gheewalla*, 441 A.2d 1023, 1027 (Me.1982). Because the Board granted the variance, it is implicit that the Board found the applicant met all the statutory requirements. Neither party suggests that there were any additional facts before the Board that are not in the portion of the record before this Court.

property and not to the general conditions in the neighborhood;

C. That the granting of a variance will not alter the essential character of the locality; and

D. That the hardship is not the result of action taken by the applicant or a prior owner.

30 M.R.S.A. § 4963(3) (Supp.1987).

Upon careful review of the record before this Court, we find insufficient evidence to support the conclusion that the property is unable to yield a reasonable return unless a variance is granted. "Undue hardship exists where strict application of the zoning ordinance would result in the practical loss of *all* beneficial use of the land." *Thornton v. Lothridge*, 447 A.2d 473, 475 (Me. 1982) (emphasis added). It is well established that 30 M.R.S.A. § 4963(3)(A) "does not serve to ensure a maximum return on land." *Grand Beach Ass'n v. Old Orchard Beach*, 516 A.2d 551, 554 (Me.1986). This Court, in *Grand Beach Ass'n*, 516 A.2d at 555, found that "the fact that the variance would permit defendant to increase his return does not, in any way, support the conclusion that the land cannot yield a reasonable rate of return unless a variance is granted." In this case, a house, twenty feet by thirty-two feet, although small, offers adequate living space; defendant has not demonstrated a loss of all beneficial use of the property. Because defendant failed to establish one of the statutory requirements, the Board erroneously granted the variance.

### IV.

■ On plaintiffs' cross-appeal we review the Board's decision upholding the building permit for the shed in the same manner as we reviewed its decision to grant the variance. We find that the Board correctly applied the legal standards and properly upheld the building inspector's grant of a building permit on the basis that a shed is a permitted accessory building. Implicit in the Board's decision is a finding that construction of the shed falls within the grandfather clause of Biddeford Zoning Ordinance, which reads in pertinent part as follows:

Section 4. Nonconforming lots of record.

A. In any zone in which single family dwellings are permitted, notwithstanding limitations imposed by other provisions of this ordinance, *a single family dwelling and customary accessory building may be erected* on any single lot of record at the effective date of adoption or amendment of this ordinance. Such lot must be in separate ownership and not of continuous frontage with other lots in the same ownership. This provision shall apply even though such lot fails to meet the requirements applicable in the zone for minimum lot size or width or both, provided that the setbacks, height and other requirements shall be met.

Article V. sec. 4 (Aug. 24, 1976) (emphasis added).

Plaintiffs contend that a variance is necessary under section 1 of the ordinance[3] because the exception set forth in section 4 applies only to unimproved lots of record and not to lots with existing structures. We disagree. The interpretation of a zoning ordinance is a question of law. *Driscoll v. Gheewalla*, 441 A.2d 1023, 1027 (Me.1982). The terms or expressions are to be construed reasonably with regard to both the objects sought to be obtained and to the general structure of the ordinance as a whole. *George D. Ballard, Bldr. v. City of Westbrook*, 502 A.2d 476, 480 (Me.1985). "Undefined terms should be given their

---

3. Section 1 provides:

Except as hereinafter specified, no building, structure, or land shall hereafter be used or occupied, and no building or structure or part thereof shall hereafter be erected, constructed, moved, or altered unless in conformity with all of the regulations herein specified for the zone in which it is located, *unless a variance is granted.*

Biddeford Zoning Ordinance, Article V, sec. 1 (Aug. 24, 1976) (emphasis added).

common and generally accepted meanings unless the context clearly indicates otherwise." *Id.* at 480.

Section 4 of the ordinance preserves the utility of nonconforming lots of record by permitting the erection of a single family dwelling and an accessory building, providing that the setback and height requirements are met. The language of the ordinance does not suggest that the City intended to permit erection of the dwelling and the accessory building only if the construction of both buildings followed the adoption of the ordinance and intended to prohibit separate construction if one building was built before the ordinance and the other building was built after the ordinance. Such an irrational distinction finds no support in the language of the ordinance. Section 4 permits the erection of a customary accessory building on the property. Because the shed provides storage space to a family dwelling, it falls within the common meaning of an accessory building.[4] The Superior Court did not err in upholding this portion of the Board's decision.

The entry is: Judgment of the Superior Court affirmed.

All concurring.

---

4. "Accessory" is defined as "helping in a secondary or subordinate way." *Webster's New World Dictionary* 8 (2d ed. 1978).