**Robert W. HARRINGTON et al.**

**v.**

**CITY OF BIDDEFORD et al.**

Supreme Judicial Court of Maine.

Submitted on Briefs Oct. 30, 1990.

Decided Dec. 6, 1990.

Lloyd P. LaFountain, III, LaFountain & LaFountain, Biddeford, for plaintiff.

Erland B. Hardy, Woodman & Edmands, Biddeford, for Diane Johnson.

Michael Cantara, Caron & Sullivan, Biddeford, for City of Biddeford.

Before McKUSICK, C.J., and ROBERTS, WATHEN, GLASSMAN, CLIFFORD and BRODY, JJ.

McKUSICK, Chief Justice.

This appeal follows from a judgment of the Superior Court (York County, *Brennan, J.*), that affirmed a decision of the Biddeford Zoning Board of Appeals. On appeal the plaintiffs, Robert and Jacqueline Harrington, challenge the Board of Appeals' interpretation of two provisions of the Biddeford Zoning Ordinance that govern the setback requirements for houses built in the single family coastal residential zone.

Defendant Diane Johnson owns a lot at 5 Ocean Spray Avenue in Biddeford's single family coastal residential zone. The Hill-

mans live on one side of the Johnson lot, in a house that is set back 15 feet from Ocean Spray. On the other side of Johnson's lot is an elongated lot with a house that does not front on Ocean Spray. Next beyond that lot is the Harringtons', with a house that fronts on Ocean Spray Avenue and is set back 50 feet.

On February 24, 1989, Johnson obtained a building permit from the Biddeford building inspector to construct a house on her lot with a setback of 15 feet from the street. The Harringtons appealed to the Board of Appeals to challenge the grant of the permit and appeared at a hearing on May 24, 1989. By a 4–2 vote at the hearing, the Board of Appeals affirmed the grant. The Harringtons took a timely appeal to the Superior Court and now appeal the adverse decision of that court.[1]

## I.

### *Standing to Appeal the Decision of the Board of Appeals*

■ Before reaching the merits of the appeal, we address the Harringtons' standing to challenge the decision of the Board of Appeals. The statute that governs appeals from actions of boards of appeals, 30–A M.R.S.A. § 2691(3)(G) (Pamph.1990), states that "[a]ny party may take an appeal ... to the Superior Court" pursuant to M.R.Civ.P. 80B. A "party," in turn, is a person who has appeared before the board of appeals and who can demonstrate a particularized injury as a result of the board's actions. *See Anderson v. Swanson,* 534 A.2d 1286, 1287–88 (Me.1987) (construing 30 M.R.S.A. § 2411(3)(F), the forerunner to section 2691(3)(G)). The Harringtons appeared before the Board of Appeals, satisfying the first prong of the test. In the circumstances presented by the case at bar, the Harringtons have also satisfied the second prong. Their lot, though not abutting the Johnson lot, was located on the same side of the street and was separated from it by only one other lot. Given the location of the Harringtons' house, a decision by

the Board of Appeals that entitled Johnson to build a house closer to the street than their house rose to the level of particularized injury sufficient to confer standing. *See id.* at 1288. For the same reason, the Harringtons were "aggrieved person[s]" entitled under the Biddeford ordinance to appeal to the Board of Appeals from the decision of the building inspector.

## II.

### *The Interpretation of the Biddeford Zoning Ordinance*

The article of the Biddeford Zoning Ordinance that specifies the use and size provisions for lots and structures in the City's different zones requires that houses built in the single family coastal residential zone have the following front yard setback:

> All buildings, structures and parts thereof shall be set back at least forty (40) feet from the major access road to the lot on which they are erected....

That generally applicable provision is, however, subject to a grandfather clause that permits a reduced setback on residential streets already developed at the enactment of the setback provision:

> B. A new structure may be permitted to be built with the greater of the following front yard setbacks:
>
> 1. The setback will be equal to the average front yard setback of the existing houses on the immediately adjacent lots,
>
> 2. The setback shall be at least fifteen (15) feet;
>
> 3. These provisions shall apply only along existing residential street which were developed prior to the enactment of the present front yard setback requirements.

The parties do not dispute that Ocean Spray Avenue is a residential street that was developed before the enactment of the 40–foot setback requirement in the single family coastal residential zone. They do,

---

**1.** The Hillmans, who own the house on the lot adjacent to Diane Johnson's, appeared before the Board of Appeals and also took an appeal to the Superior Court. They, however, have not taken a further appeal to this court.

however, dispute whether the grandfather setback provision controls the setback for Johnson's house. In approving Johnson's permit to build a house with a 15–foot setback, the Board of Appeals applied the grandfather setback provision, determining that because only one lot adjacent to Johnson's had a house, the "average" of the setbacks of adjacent lots could not dictate Johnson's setback. Consequently, Johnson was entitled, by default, to build with a 15–foot setback, the minimum that the grandfather provision allows. The Harringtons contend that decision to be error; that because no average of a single number could be taken, the grandfather provision cannot apply at all, and that Johnson must build with the usual 40–foot setback required in the single family coastal residential zone.

■ We agree with the Board of Appeals that Johnson is entitled to build with a 15–foot setback, but we arrive at our conclusion through a different analysis. When the provisions of the Biddeford ordinance are read together, it is apparent that the grandfather setback provision controls the setback for houses to be built on any residential street that has been "developed prior to the enactment of the present front yard setback requirements" in all of the zones that Biddeford has created. Consequently, that provision and not the generally applicable setback controls lots like Johnson's on Ocean Spray Avenue. Although a literal application of the grandfather provision may be difficult because there is only one house facing Ocean Spray Avenue that is on a lot immediately adjacent to Johnson's, the overall purpose of the grandfather setback provision is not at all difficult to discern. The municipal legislature plainly intended that any house to be built on a grandfathered lot should have a setback that is consistent with that of existing houses on the same street. If there is only one improved lot adjacent to an empty lot, then any house on that empty lot is entitled to be built with the same setback as that of the adjacent existing house, subject to the prescribed minimum. Because the Hillman house next door to the Johnson lot had an existing 15–foot setback

from Ocean Spray Avenue, Johnson is not required to build with any greater setback.

The entry is:

Judgment affirmed.

All concurring.