**Dana E. PEARSON**

v.

**TOWN OF KENNEBUNK, et al.**

Supreme Judicial Court of Maine.

Argued March 21, 1991.

Decided May 2, 1991.

Gordon C. Ayer (orally), Durward W. Parkinson, Christian L. Barner, Bernstein, Shur, Sawyer & Nelson, Kennebunk, for plaintiff.

Robert H. Furbish (orally), Smith & Elliott, Saco, for Town of Kennebunk.

Stephen Hodsdon (orally), Hodsdon & Rush, Kennebunk, for Landry.

Before McKUSICK, C.J., and ROBERTS, WATHEN, CLIFFORD, COLLINS and BRODY, JJ.

McKUSICK, Chief Justice.

Plaintiff Dana E. Pearson appeals from the judgment of the Superior Court (York County, *Brodrick, J.*) that denied his standing to obtain judicial review of a decision of the Zoning Board of Appeals of the Town of Kennebunk. By its challenged decision, the Board had affirmed the building permit granted by the Town's building inspector to Pearson's next-door neighbor, Gregory P. Landry. Finding that Pearson has alleged an injury sufficient to establish his standing as an abutter to challenge the Board's decision, we reach the merits of Pearson's appeal. On those merits, however, Pearson has failed to show any reversible error in the Board's affirmance of the building permit.

On November 14, 1989, the Town's building inspector granted a permit to Landry to renovate his single-family house on lot 26 on Great Hill Road in Kennebunk, in accordance with a blueprint submitted with the permit application. Under the Kennebunk Zoning Ordinance, the Landry house was a nonconforming use, which the ordinance forbade being "extended or expanded in area or function." Kennebunk, Me., Zoning Ordinance, art. v, § 4(D) (Sept. 19, 1988). Landry proposed to change space over the garage on the second floor of the house from a storage area into a bedroom by raising a dormer, and also to move some exterior walls and renovate the downstairs living area. As a result of the renovations, the floor area of the first level of the house would be reduced by 1 square foot and the floor area on the second level would be reduced by 6 square feet.

Pearson appealed the building inspector's decision to the Board, contending that the building inspector, by granting the Landry permit, erroneously interpreted the ordinance's restriction on extending or expanding nonconforming uses. After a hearing on January 23, 1990, which was not transcribed because of a malfunction of the recording equipment, the Board voted to affirm the issuance of the permit. In a short letter devoid of any findings of fact or conclusions of law, the Board informed Pearson of its decision on January 26, 1990. Pearson challenged the Board's decision by bringing an action under M.R.Civ.P. 80B in the Superior Court. Concluding that Pearson had not made a sufficient demonstration in his complaint or at the hearing before the Board of the nature and the extent of his injury, the court dismissed his appeal for lack of standing.

## I.

### Standing

 In order to appeal the decision of a zoning board of appeals pursuant to 30–A M.R.S.A. § 2691(3)(G) (Pamph.1990), an individual must have "appeared before the board of appeals and [be able to] demonstrate a particularized injury as a result of the board's action." *Harrington v. City of Biddeford,* 583 A.2d 695, 696 (Me.1990); *see also Anderson v. Swanson,* 534 A.2d 1286, 1287–88 (Me.1987); *Grand Beach Ass'n v. Town of Old Orchard Beach,* 516 A.2d 551, 553 (Me.1986). When the person who has appeared before the board is an abutter, as in the case at bar, a reasonable allegation of a potential for particularized injury is all that is necessary to establish the real controversy required for adjudication in a court. *See Anderson v. Swanson,* 534 A.2d at 1288. Here Pearson alleged at the meeting of the Board that the proposed renovation of Landry's home, by converting garage storage space into bedroom space, would bring the living area of Landry's home closer to his own. Given the nature of Landry's proposed change, it was reasonable for Pearson to anticipate that the renovation would result in reduced privacy for his house. Nothing more is required of an abutter to establish his standing.

## II.

### The Board's Decision

 We reject both Pearson's contention that the Board's failure to make adequate findings of fact require us to set aside the Board's decision and the Town's contention that the lack of a transcript of the Board hearing prevents our review of the Board's action. The minutes of the hearing show that the Board agreed with the building inspector's decision as reflected on the face of the permit. The only facts that were relevant to the issuance of the permit were included on the permit application and on the architect's blueprint for the renovation, both of which were made part of the record. *See Anderson v. Swanson,* 534 A.2d at 1288 n. 2 (the fact that a malfunctioning tape recorder resulted in a lack of findings or conclusions does not render the grant of a variance reversible error if "it is implicit that the Board found the applicant met all of the statutory requirements" and if "[n]either party suggests that there were any additional facts before the Board that are not in the portion of the record before this Court").[1] On the record before us, we find no error on the part of the Board in affirming the decision of the building inspector. *See Boivin v. Town of Sanford,* 588 A.2d 1197, 1199 (Me. 1991). After reviewing the blueprint of Landry's proposed renovation, the building inspector noted on the permit application that the proposed renovation did not extend or expand a nonconforming use in violation of the Kennebunk Zoning Ordinance. That Ordinance provides in pertinent part: "A nonconforming use, including a nonconforming outdoor use of land, shall not be extended or expanded in area or function." By adopting the building inspector's finding, the Board did not render an unlawful, arbitrary, capricious, or unreasonable decision. *See Mason v. Crooker–Mulligan,* 570 A.2d 1217, 1220 (Me.1990). First, the Board did not err as a matter of law in construing the term "area" in the ordinance as a measure of total space in square feet. As depicted on the blueprint submitted with the permit application, Landry's proposed renovation would in fact

---

1. A party aggrieved by a board's decision should insure that a complete record and detailed findings of fact and conclusions of law are available to this court for "meaningful judicial review" of local government action. *See Harrington v. Inhabitants of Kennebunk,* 459 A.2d 557, 562 (Me. 1983). Although a zoning board of appeals is directed by statute to make adequate findings and conclusions, *see Glasser v. Town of Northport,* 589 A.2d 1280, 1282 (Me.1991), an appealing party is ultimately responsible for producing an adequate record for judicial review, *see Sanborn v. Town of Eliot,* 425 A.2d 629, 630–31 (Me.1981). When a board has neglected to make findings, or when the findings are not implicit in the board's decision, or when the findings are not apparent otherwise from the record, the party aggrieved by the board's decision should request findings of fact and conclusions of law before asserting the insufficiency of findings as a ground for judicial review in an action brought pursuant to M.R.Civ.P. 80B.

reduce the total square footage of floor area in the house. Although Landry did plan to add vertical space to the house by raising a dormer on the second level, that renovation would change the house's cubic volume, not its floor area. Second, the Board could reasonably rule that because the nonconforming structure on Landry's lot already has a residential use, there is no extension or expansion of its function as a result of the proposed renovation. This record does not compel a conclusion as a matter of law that the proposed renovation runs afoul of the ordinance's prohibition on extending or expanding the residential use. *See Total Quality, Inc. v. Town of Scarborough,* 588 A.2d 283, 285 (Me.1991).

The entry is:

Judgment vacated. Remanded to the Superior Court for entry of an order affirming the decision of the Town of Kennebunk Zoning Board of Appeals in accordance with the opinion herein.

All concurring.