Michael FORESTER

v.

CITY OF WESTBROOK
and Royden Cote.

Supreme Judicial Court of Maine.

Submitted on Briefs Jan. 24, 1992.
Decided Feb. 25, 1992.

James Gregory Boulos, Biddeford, for plaintiff.

Andrew L. Broaddus, Westbrook, for Cote.

Richard A. Sullivan, Westbrook, for City of Westbrook.

Before McKUSICK, C.J., and ROBERTS, WATHEN, GLASSMAN, CLIFFORD and COLLINS, JJ.

COLLINS, Justice.

Michael Forester appeals from the City of Westbrook's grant of a zoning variance to a neighboring landowner, Royden Cote.

Cote applied to the Westbrook Zoning Board of Appeals for a variance permitting him to build a two-level deck on a two-family home. Forester appealed the Board's decision to the Superior Court pursuant to Rule 80B. The Superior Court (Cumberland County, *Alexander, J.*) affirmed. Because Cote failed to satisfy the statutory prerequisites for the grant of a variance, the variance should not have been upheld. Consequently, we vacate the judgment.

■ On this appeal, Cote has challenged Forester's standing to bring a Rule 80B appeal from the Zoning Board of Appeals' decision. 30–A M.R.S.A. § 2691(3)(G) (Pamph.1991), relating to the decisions of local zoning boards of appeals, assures that "any party may take an appeal ... to the Superior Court ... in accordance with the Maine Rules of Civil Procedure, Rule 80B." We have established a two-part test for qualification as a "party." The test requires (1) participation before the Board, and (2) showing of a particularized injury. *Harrington v. City of Biddeford*, 583 A.2d 695, 696 (Me.1990); *Singal v. City of Bangor*, 440 A.2d 1048, 1050 (Me.1982).

■ Forester satisfies the first prong of the test. Cote concedes this point. The issue, then, turns on the showing of a particularized injury. Because Forester is an abutting land owner, we will not require "a high degree of proof of a particularized injury." *Grand Beach Ass'n v. Old Orchard Beach*, 516 A.2d 551, 553 (Me.1986). As we held in *Anderson v. Swanson*, 534 A.2d 1286, 1288 (Me.1987), the proximate location of the abutter's property, together with a relatively minor adverse consequence if the requested variance were granted, such as the threatened obstruction of the abutter's view, sufficiently demonstrates a potential for particularized injury. *See Harrington*, 583 A.2d at 696 (owners of houses on same side of street have standing to oppose variance from setback requirement); *Sexton v. City of South Portland*, 499 A.2d 472, 473, n. 2 (Me.1985) (abutter has standing to oppose construction of a house on adjacent lot). We hold that Forester, due to the proximate location of his property together with the potential for esthetic or noise injury from the construction or use of the double deck, has sufficient standing to seek judicial review of the action of the Zoning Board of Appeals in granting a variance.

■ Since Forester validly contested the decision of the Zoning Board of Appeals we will inspect that decision directly for "abuse of discretion, error of law, or findings unsupported by substantial evidence in the record." *Boivin v. Town of Sanford*, 588 A.2d 1197, 1199 (Me.1991). The applicant is responsible for demonstrating to the board that each of the statutory prerequisites is satisfied. *Driscoll v. Gheewalla*, 441 A.2d 1023, 1029 (Me.1982). Those prerequisites are:

> **Variance.** Except as provided in subsection 4–A[1], the Board may grant a variance only when strict application of the ordinance to the petitioner and the petitioner's property would cause undue hardship. The term "undue hardship" as used in this subsection means:
>
> A. The land in question cannot yield a reasonable return unless a variance is granted;
>
> B. The need for a variance is due to the unique circumstances of the property and not to the general conditions of the neighborhood;
>
> C. The granting of the variance will not alter the essential character of the locality; and
>
> D. The hardship is not the result of action taken by the applicant or a prior owner.

30–A M.R.S.A. § 4353(4) (Pamph.1991).[2] The Zoning Board of Appeals specifically addressed only one of these in its findings. It found that the proposal was reasonable, that it would not alter the essential character of the neighborhood, and that the pe-

---

1. Subsection 4–A pertains to access for the handicapped and is of no relevance here.

2. The Zoning Ordinance of the City of Westbrook also requires proof of "undue hardship" as a prerequisite for the grant of a variance, § VI(A), but does not define that term.

rimeter of the proposed structure would not extend closer to the sideline than the present structure. Only requirement (C) in the statute is addressed. Inadequacy of the findings is not, by itself, reason to overturn the Board's decision. *Driscoll v. Gheewalla*, 441 A.2d at 1026–27. If there is sufficient evidence on the record, the Board's decision will be deemed supported by implicit findings. *Id.* However, unless there is support in the record for a finding that each statutory criterion is met, the grant of a variance is improper.

 Forester contends that the Zoning Board of Appeals did not address the first element of "undue hardship," that "the land cannot yield a reasonable return unless a variance is granted," and in any event could not have found 'undue hardship' from the evidence before it. Cote's application explains that the variance would allow him to convert existing storage space into living space in a two-family home. However, the statute requires more than that the variance will increase the value of the land. *Grand Beach Ass'n v. Old Orchard Beach*, 516 A.2d at 554. "The fact that the variance would permit the defendant to increase his return does not, in any way, support the conclusion that the land cannot yield a reasonable rate of return unless a variance is granted." *Id.* at 555. Although no economic proof was required to establish undue hardship where, in the absence of a variance, the applicant's home would be limited to dimensions of 17' by 20', *Driscoll*, 441 A.2d at 1030, limitations on living space alone do not constitute undue hardship. In *Anderson v. Swanson*, 534 A.2d at 1289, we held that the defendant failed to establish deprivation of a reasonable rate of return by simply showing that without a variance his house was confined to a 20' × 32' footprint.[3]

Only once was the issue of hardship mentioned at the Zoning Board of Appeals hearing; the Board member making the motion to approve Cote's application stated, "It is not clear to me that we've dealt with

the hardship issue; (sic) however, I find the request to be a reasonable one." Since the Zoning Board of Appeals had before it no evidence that "the land cannot yield a reasonable return unless a variance is granted," its grant of the variance may not stand.

The entry is:

Judgment vacated. Remanded to the Superior Court for entry of judgment for plaintiff.

All concurring.

---

**3.** It is significant that nowhere in the record has Cote even asserted that the living space in the subject property is inadequate as is.