STATE OF MAINE

YORK, ss.

RONALD L. GARBRECHT
LAW LIBRARY

FEB 4 2000

SUPERIOR COURT
CIVIL ACTION
DOCKET NO. AP-99-025

PAF YOR - 2/2/2000

STEVEN SAHL, et als.,

Plaintiffs

v.

TOWN OF YORK, et als.,

Defendants

ORDER
AND
DECISION

The defendant E.F.H., Inc. owns commercial real estate containing the Cuttysark Motel on Long Beach Avenue in York. The defendants Peter Hughes and Patrick Hughes are the operators and developers of the motel. The plaintiffs Steven Sahl and Andrea Sahl and Barry Crafts and Helen Crafts own nearby residential property.

Apparently in 1991, but certainly before May 9, 1992, a shoreland permit along with other permits were issued to allow construction activities at the motel. It was decided by the owners that the motel would be built in phases. Phase I with 20 units has been completed. A planned second phase has not yet been started.

The Town of York amended its zoning ordinance on November 4, 1997 to include a new provision which is found at Section 18.2.8. The relevant portion states, "For all Shoreland Permits issued prior to May 9, 1992, all improvements identified in the approved Shoreland Permit must be completed by November 5, 1998 or the Permit shall lapse and become void on November 6, 1998. As the November 1998 deadline approached it became clear that the motel owners could

not start and finish construction by November 5, 1998. The York Code Enforcement Officer requested in October of 1998 that they not begin construction and that they bring their problem before the Board of Appeals. This advice was memorialized in a letter to the attorney for the owners dated November 20, 1998 following a letter from the owners' lawyer. An appeal and variance request were presented to the Board which first granted a variance and denied the appeal, then reconsidered and rescinded the variance and reconsidered the appeal, and then granted the appeal. The applicants then withdrew the variance request. The plaintiffs have appealed the decision to grant the appeal.

The first issue, that has been raised both in the appeal and in two motions for attorney's fees, is whether each set of plaintiffs has standing to appeal. In order to have standing to appeal the plaintiffs must have participated before the Board and must have made a showing of particularized injury. *See, Department of Environmental Protection v. Town of Otis*, 1998 Me. 214, ¶7, 716 A.2d 1023, 4-5 and *Brooks v. Cumberland Farms, Inc.*, 1997 Me. 203, ¶8, 703 A.2d 844,7.

In this case the Board held proceedings on February 10, 1999 and on March 10, 1999. Attorney Robert Mongue appeared at both hearings and made it clear on February 10, see record pages 22-3, that he represented Steven Sahl and the Crafts. At the second hearing he made it clear that he represented the Sahls and had been "contacted by the people who own the lot right next door to them, I believe, but they have not formally retained me. They did contact me and asked me to express their views. But its basically the Sahls." Record at page 63. I am satisfied that all four

plaintiffs, through attorney Mongue, participated before the Board. I also find that they have made a showing of particularized injury when they claimed that additional units at the Cuttysark would affect their view and that there would be additional traffic which would effect them. While not an abutter the plaintiffs are reasonably close by and have made a reasonable allegation of a potential for particularized injury. See the more modern cases of *Brooks* at ¶10, *Christy's Realty Ltd. Partnership v. Town of Kittery*, 663 A.2d 59, 61-2 (Me. 1995), *Forester v. City of Westbrook*, 604 A.2d 31,2 (Me. 1992) and *Pearson v. Town of Kennebunk*, 580 A.2d 535,7 (Me. 1991). Standing exists and the requests for attorney's fees by the Cuttysark owners is denied as is the request by the plaintiffs for fees to reimburse them for the expense of responding to the motions.

A reading of ordinance Section 18.2.8 initially suggests that, since the work was not completed on time, the shoreland permit expired. There is nothing in the ordinance which even remotely suggests that the time limitations apply only to residential construction or that they do not apply to commercial projects. On the face of the ordinance the plaintiffs should prevail. Is there any other reason why they should not?

I find nothing wrong in the Code Enforcement Officer's request in early October of 1998 that construction on Phase II not begin. The property owners were free to ignore his request. The owners had had years to complete their project even when probate, financial and environmental difficulties are considered. The ordinance gave an additional year for work to be completed.

3

Likewise, I find nothing in the history of this case which would allow the clear provisions of the ordinance to be superseded by either the doctrine of equitable estoppel or vested rights. The owners built their project in phases as much for their benefit as the Town's. They were never promised, and certainly not in writing, that they could take forever to complete their project or that new rules might not be enacted. They had a long time to build Phase II and a full year to build once the ordinance changed. They moved too slowly on their own account and not because of anything that the Town forced on them. There is nothing that the Town or the owners did that would allow the use of either the vested rights or equitable estoppel doctrines. While the owners present a sympathetic case, a majority of the Board erred in granting the appeal.

Wherefore, the entry is:

> Motion of Defendants E.F.H., Inc., Peter Hughes and Patrick Hughes for attorney's fees against plaintiffs Steven Sahl and Andrea G. Sahl is denied.

> Motion of Defendants E.F.H., Inc., Peter Hughes and Patrick Hughes for attorney's fees against plaintiffs Barry S. Crafts and Helen F. Crafts is denied.

> The decision of the York Board of Appeals to grant the appeal of Peter and Patrick Hughes is vacated.

Dated:     February 2, 2000

AINTIFFS:                    DEFENDANT-TOWN OF YORK
BERT E MONGUE ESQ            DURWARD PARKINSON ESQ
 BOX 916                     BERGEN & PARKINSON
NNEBUNK ME   04043           62 PORTLAND RD
                             KENNEBUNK ME   04043
ENDANTS EFH INC., PETER & PATRICK HUGHES
N S UPTON ESQ
KINS THOMPSON HINCKLEY & KEDDY
BOX 426
LAND ME   04112-0426

Paul A. Fritzsche
Justice, Superior Court

4