STATE OF MAINE

YORK, ss.

SUPERIOR COURT
CIVIL ACTION
DOCKET NO. AP-01-019

*Paf - Yok - 12/18/2001*

RALPH J. TEDESCO, et al.,

      Plaintiffs

v.

TOWN OF KITTERY, et al.,

      Defendants

ORDER
AND
DECISION

The abutter plaintiffs have appealed from a decision of the Kittery Planning Board granting a wetlands permit to Mark Button and Kelly Pawlick allowing them to install a driveway and culvert across Spruce Creek. The first two sets of issues in the appeal are closely related. Those issues involve standing to appeal and notice.

In order to have standing to bring this appeal the plaintiffs must, pursuant to a series of cases developed in the context of appeals from Zoning Boards of Appeal, ". . . have participated before the board, and must make a showing of a particularized injury." See *Brooks v. Cumberland Farms, Inc.*, 1997 ME 203 ¶8, 703 A.2d 844, 7 (Me. 1997), *Forester v. City of Westbrook*, 604 A.2d 31, 32 (Me. 1992). Some cases refer to the requirement of participation as a requirement that the person "appear" before the board. See *Harrington v. City of Biddeford*, 583 A.2d 695, 6 (Me. 1990). A more recent case used the word "participated". See *Rowe v. City of South Portland*, 1999 ME 81 ¶3, 703 A.2d 673, 4-5 (Me. 1999) while *Sproul v. Town of Boothbay Harbor*, 2000 ME 30, ¶6, 746 A.2d 368, 371 (Me. 2000) and others use "appeared". The role of

the Tedescos in this case is unusual and the record is not sufficient to determine precisely why the Tedescos participation was as limited as it was.

Pursuant to the Kittery Town Code, "Owners of property within one hundred fifty (150) feet, horizontal distance, of the proposed alteration shall be notified by first class U.S. mail of any public hearing on the wetland permit application." See Section 16.28.440.E.

The application was submitted by letter dated January 16, 2001 and a letter to abutters dated January 30, 2001 was prepared. There is no evidence that the letter to the Tedescos was ever sent or was ever received. The Planning Board first reviewed the application at its meeting on February 8, 2001. The plaintiffs were not present and the application, after some discussion, was tabled to the next regular meeting on February 22, 2001. Mr. Tedesco, however, sent a letter to the Planning Board dated February 21, 2001 which indicated that "a petitioner" approached him asking ". . . for a letter stating that I would not allow him access over my driveway to reach his land." Mr. Tedesco indicated that he was willing to discuss the granting of an easement and that if anyone wished to speak with him he could be reached at a particular phone number.

The next meeting was on February 22, 2001. Again the Tedescos did not appear. Mr. Tedescos absence is noted in the Board's minutes by a representative of the applicants. A site view was held on March 6, 2001 again without either of the Tedescos being present. The Board next met on March 8, 2001 to vote on the application. Mr. Tedesco, according to the parties, was present but did not participate. A vote was taken and the permit was granted.

2

Mr. Tedesco did participate and appear, to the extent the tests are different, in the Board's proceedings through his letter of February 21, 2001 and he and his wife would otherwise have standing as abutters. He has standing to appeal regardless of whether notice to him was proper.

If the notice issue was the only remaining problem in the case, it would be a close decision. There is no evidence that notices were sent but Mr. Tedesco knew enough from some source to write to the Planning Board on February 21, 2001. Unlike development applications, see 16.36.040.C.1, there is no provision in the wetlands permit chapter stating "Failure of notificants to receive said notice shall not invalidate any board action." Therefore, it could be argued that a failure of notice would invalidate or could invalidate the Board's action.

The review criteria for a wetlands permit application are set forth in detail at Section 16.28.450 of the ordinance and require the applicant to demonstrate compliance with these requirements by clear and convincing evidence. The Board's determinations, which do not include any formal findings of fact and conclusions of law, are spread over the minutes of several meetings. Even when they are considered collectively they are inadequate to establish that the Board found that the applicants met all of the requirements by the requisite burden of persuasion.

Since the Board has not adequately stated how it reached its conclusion to grant the permit, since it is unclear that notice was ever sent, and since it is not clear that the Board considered and rejected, as opposed to just ignored, the "recommendations and conditions . . . (of) the conservation committee.", see last paragraph of Section 16.28.450, the entry is:

3

Wetlands permit vacated. Remanded to the Kittery Planning Board for a new hearing and decision.

Dated:     December 18, 2001

Paul A. Fritzsche
Justice, Superior Court

PLAINTIFFS:
Geoffrey Hole, Esq.
BERNSTEIN SHUR SAWYER & NELSON
PO BOX 9729
PORTLAND ME   04104-5029

DEFENDANTS - TOWN OF KITTERY & PLANNING BOARD
Duncan A. McEachern, Esq.
MCEACHERN & THORNHILL
PO BOX 360
KITTERY ME   03904-0360

DEFENDANTS - MARK BUTTON & KELLY PAWLICK
John E. Lyons, Jr., Esq.
875 Greenland Rd.
Orchard Park Unit B-10
Portsmouth NH   03801

DEFENDANTS - GERRITY COMPANY
Jeffery J. Clark, Esq.
ERWIN OTT CLARK ORSO & CAMPBELL
PO BOX 545
YORK ME   03909-0545

4