STATE OF MAINE

YORK, ss.

SUPERIOR COURT
CIVIL ACTION
DOCKET NO. AP-01-042
PAF - YOR - 2/12/2002

SHERWOOD LIBBY and
J. LORRAINE LIBBY,

Plaintiffs

v.

ORDER
AND
DECISION

DONALD L. GARBRECHT
LAW LIBRARY

FEB 21 2002

TOWN OF LIMINGTON, et al.,

Defendants

The plaintiffs own property in Limington in the Resource Conservation District in the Sawyer's Mountain area. They have owned property there since the forties and are very devoted to the ecological well being of the area.

The Resource Conservation District has a number of additional restrictions and requirements designed to protect a largely undeveloped area in Limington. Included in the restrictions are limits on the slope of roads.

Defendant Michael Hanson owns property in the Sawyer's Mountain area and has obtained a conditional use permit from the Limington Planning Board, over the plaintiffs objection, to build a home and access road. The plaintiffs appealed the Planning Board decision to the Limington Board of Appeals while Mr. Hanson sought a variance from the Board of Appeals. A variance was granted to reduce the width of a road and to eliminate some road construction requirements. The plaintiffs' appeal was dismissed for lack of standing. The plaintiffs have now appealed, see Section 10.7 of the Zoning Ordinance of the Town of Limington, from the dismissal of their appeal and the granting of the variance.

The central issue in the current appeal to the Superior Court is whether the plaintiffs, who participated or attempted to participate in all municipal proceedings, have standing despite the fact that they are not abutters.

Sawyer's Mountain and the surrounding area is part of a special Resource Conservation District in Limington with special standards designed to restrict but permit some additional development. The plaintiffs have indicated that they have owned and used their property in the District since 1944, that there are very few residences there, and that they have a long standing attachment to and concern for the area.

There are a significant number of opinions from the Maine Supreme Judicial Court indicating when a person or entity has enough of a stake in any issue to permit the person or entity to have "standing" to participate in the administrative or judicial proceeding. *Wells v. Portland Yacht Club*, 2001 ME 20 ¶4, 771 A.2d 371, 3 found that abutters who had appeared before the local board of appeals had been able to "demonstrate a particularized injury as a result of the board's action" concerning traffic, noise and aesthetics. The case of *Sproul v. Town of Boothby Harbor*, 2000 ME 30 ¶¶6-7, 746 A.2d 368, 371-2 involved an abutter and the holding at, 371-2 and ¶7, that, "The threshold requirement for an abutter to have standing is minimal. Because of the abutter's proximate location, a minor adverse consequence affecting the party's property, pecuniary or personal rights is all that is required for the abutting landowner to have standing." *Sproul* also used the "particularized injury" standard.

*Rowe v. City of South Portland*, 1999 ME 81 ¶¶3-4, 730 A.2d 673, 74-5 also involved an abutter, the standard of a "particularized injury" and a finding that standing existed. The same result existed in *Brooks v. Cumberland Farms, Inc.*, 1997 ME 203, ¶¶8-11, 703 A.2d 844, 7 involving an abutter who was directly across the street from the proposed store. Also see *Christy's Realty Limited Partnership v. Town of Kittery*, 663 A.2d 59, 61-2 (Me. 1995), *Forester v. City of Westbrook*, 604 A.2d 31,2 (Me. 1992), *Pearson v. Town of Kennebunk*, 590 A.2d 535, 537 (Me. 1991), and *Harrington v. City of Biddeford*, 583 A.2d 695, 696 (Me. 1990) for cases involving either abutters or, in *Harrington*, a lot on the same side of the street separated by only one lot. Standing was found to exist in all of these cases.

A more extensive discussion of standing exists in the opinion in *Anderson v. Swanson*, 534 A.2d 1286, 1287-8 (Me. 1987) where an appeal was taken by owners of "adjacent" property. The Law Court affirmed the use of the previously established "particularized injury" standard, which had been defined as an adverse and direct effect on a person's property, pecuniary or personal rights. See *New England Herald Development Group v. Falmouth*, 521 A.2d 693, 5 (Me. 1987) which did not require a high degree of proof of a particularized injury. In *Anderson* the potential that the construction would block a view of Biddeford Pool and lower the property value was sufficient to confer standing on the owners of an "adjacent property".

Another important standing case is *Grand Beach Association, Inc. v. Town of Old Orchard Beach*, 516 A.2d 551, 553-4 (Me.1986). This case involved one abutter and an association of owners of nearby properties concerned about traffic,

3

shadowing on the beach and the claimed incompatibility of the project with the community. The *Grand Beach* opinion referred to the earlier opinion in *Lake Environmental Association v. Town of Naples*, 486 A.2d 91,3 (Me. 1984). *Lake Environmental* concerned a non-profit corporation which had some members who owned property on Long Lake where a campground was proposed to be built.

The *Lake Environmental* case does not suggest that standing was contested perhaps because a member of the Association was an abutter. The association and the individual member who was an abutter argued that the high density of the proposed campground "could harm the owners of land near the campground." See page 93.

Other cases using the "particularized injury" standard and involving abutters or close by property owners include *Leadbetter v. Ferris*, 485 A.2d 225, 7 (Me. 1984), *Harrington v. Inhabitants of the Town of Kennebunk*, 459 A.2d 557, 559-60 (Me. 1983) (where an abutter was denied standing for lack of sufficient record evidence of a particularized injury) and *Singal v. City of Bangor*, 440 A.2d 1048, 1050-1 (Me. 1982) involving a property owner who apparently owned land within 100 feet of the boundary of the proposed store.

There is only one other Maine case that needs to be examined. In *Fitzgerald v. Baxter State Park Authority*, 385 A.2d 189 (Me. 1978) several Maine citizens and users of Baxter State Park sought to restrain the Baxter State Park Authority (Authority) from certain methods of timber cutting and land management. Their standing is discussed, starting at page 194, in the context of charitable trusts, the

4

conflict of interest of the Attorney General as the enforcer of charitable trusts and a member of the Authority, and a challenge to the acts of a state agency. The Law Court found that since the plaintiffs had hiked, camped or otherwise made use of Baxter State Park on a regular basis, they had standing. *Fitzgerald* ends its standing discussion by requiring a "particularized injury".

A well known case of the Supreme Court of the United States addressed standing using the test of "injury in fact", see *Sierra Club v. Morton*, 405 U.S. 727, 734 (1972), and is cited at some length in *Fitzgerald*. *Sierra Club* also mentions "allegations of individualized injury", at 736.

The plaintiffs have a long term genuine interest in the general Sawyer's Mountain area. They are not abutters and there is no evidence that they would see Mr. Hanson's home or even routinely pass by it. There is no evidence that are geographically close like the numerous abutters and near abutters in the many cited cases.

In reading the Law Court decisions the requirement of a particularized injury is always there. In this case the potential injury to the plaintiffs is too remote geographically and the long term effects on them are too speculative to confer standing. The case poses difficult issues of exactly where the boundaries of standing are. The plaintiffs are slightly beyond the range and scope of those who have a "particularized injury". Since the plaintiffs, despite their willingness to act as guardians of Sawyer's Mountain, do not have standing to undertake tasks more properly conferred on local governmental officials, the entry is:

5

Appeal dismissed.

Dated:          February 12, 2002

Paul A. Fritzsche
Justice, Superior Court

PLAINTIFFS:
MAXINE PAUL POURAVELIS ESQ
120 EXCHANGE ST
PORTLAND ME   04101-5066

DEFENDANT: TOWN OF LIMINGTON
JAMES B HADDOW ESQ
PETRUCCELLI & MARTIN
PO BOX 9733
PORTLAND ME   04104-5033

DEFENDANT: MICHAEL G HANSON
JOHN W SAWYER ESQ
SAWYER SAWYER & MINOTT
PO BOX 58
GORHAM ME   04038

6