ENTERED AUG 0 6 2014

STATE OF MAINE
CUMBERLAND, ss.

SUPERIOR COURT
CIVIL ACTION
Docket No. AP-13-67
TDW-CUM-07-03-14

MAYNARD MURPHY, et al,

    Plaintiffs

v.

ORDER

TOWN OF CAPE ELIZABETH, et al,

    Defendants

STATE OF MAINE
Cumberland, ss, Clerk's Office

JUL 03 2014

RECEIVED

Before the court is an appeal by Maynard and Deborah Murphy from two September 24, 2013 decisions of the Cape Elizabeth Zoning Board of Appeals (ZBA).

Before the ZBA the Murphys were seeking to challenge the issuance of a building permit issued to Marshall Goldman and Pilot Point LLC for the construction of an accessory structure consisting of ornamental outdoor granite steps on property owned by Pilot Point LLC at 27 Pilot Point Road in Cape Elizabeth.[1] The Murphys were also seeking to challenge a determination by the Code Enforcement Officer with respect to the location of the boundary of the Shoreland Zoning District as it related to 27 Pilot Point Road.

The two challenges are related because the Murphys' objection to the granite steps is based on the theory that the addition of those steps results in a greater amount of impervious surface than allowed under Shoreland Zoning. If the boundary as determined by the Code Enforcement Officer is correct, however, it appears that this challenge would fail.

---

[1]     The record indicates that Marshall Goldman owns Pilot Point LLC, which is the record owner of the property at 27 Pilot Point Road where Goldman resides. The Goldman property faces the ocean, and a paper street runs along the seaward boundary of the Goldman property.

This is the second appeal brought by the Murphys. On the first appeal, the court remanded for a de novo hearing. *Murphy v. Goldman*, AP-12-60 (order issued May 10, 2013). On the first appeal, the ZBA found that the Murphys had standing. ZBA Decision of November 8, 2012 at 1.[2]

On remand the ZBA addressed the Murphys' appeals at a meeting on September 24, 2013. At that meeting the ZBA voted 3-3 on whether the Murphys had standing to challenge the issuance of the building permit. Because the Murphys had the burden of demonstrating standing, *Nergaard v. Town of Westport Island*, 2009 ME 56 ¶ 14, 973 A.2d 735, the tie vote resulted in a finding against them on that issue. The ZBA then unanimously voted that the Murphys did not have standing to challenge the determination by the Code Enforcement Officer as to the boundary of the Shoreland Zoning District.

Written notice as to both of those decisions was issued on October 22, 2013.

Standing

The Murphys' claim that they have standing as abutters who have made "a reasonable allegation of a potential for particularized injury." *Brooks v. Cumberland Farms Inc.*, 1997 ME 203 ¶ 10, 703 A.2d 844. The record reflects that the Murphy property is diagonally across Pilot Point Road from the Goldman property, which is probably sufficient for them to qualify as abutters for purposes of standing. *See*

---

[2] The November 8, 2012 decision of the ZBA is contained in the record on the prior appeal. The record in the current appeal incorporates the prior record in AP-12-60 by reference. However, the clerk's office had not retained the record in AP-12-60 and once the absence of that record was noted, it took a considerable time for the parties to submit the missing material.

*Harrington v. City of Biddeford,* 583 A.2d 695, 696 (Me. 1990). The record reflects that the ZBA considered them to be abutters. R. Tab A.

As abutters – or as property owners in the immediate vicinity – the Murphys are not required to show a high degree of proof of particularized injury. *Forester v. City of Westbrook,* 604 A.2d 31, 32 (Me. 1992). A relatively minor adverse consequence is sufficient. *Id.* There is, however, considerable room to dispute that the Murphys have made even "a reasonable allegation of a potential for particularized injury" or have potentially shown even a relatively minor adverse consequence in this case.

While the Murphys contend that the granite steps have resulted in both an aesthetic injury and a decrease in the value of their property, the record demonstrates that the Murphys cannot see the granite steps from their property. R. Tab I, Tr. 24.[3] The Murphys' standing therefore depends on their claim of particularized injury with respect to an easement arising from a deeded right of way that they possess "in common with others" over the paper street that passes immediately in front of the portion of the Goldman property where the granite steps are located.[4]

The right of way involves only access. The Murphys do not have a view easement on the right of way. The granite steps do not impede access. As a result, the Murphys' subjective claims that the granite steps adjacent to the right of way cause aesthetic harm or somehow decrease the value of their property are not reasonable allegations of particularized injury. However, as noted above, the Murphys also contend that the impervious surface created by the granite steps, combined with other

---

[3]     A photo of the granite steps that the Murphys are challenging, taken from the vicinity of the paper street, is included in the record at R. Tab 4.

[4]     The court assumes the existence of that right of way for purposes of this appeal but is not determining the respective rights of any party with respect to the right of way and is not determining the status of the paper street.

3

impervious surfaces on the Goldman property, exceed the permitted limit under Shoreland Zoning. The Murphys' deeded right of way is downslope of the ornamental steps. The potential for some environmental harm in the vicinity of the right of way, however slight, is sufficient to give the Murphys standing. *See Sproul v. Town of Boothbay Harbor*, 2000 ME 30 ¶ 7, 746 A.2d 368; *Forester v. City of Westbrook*, 604 A.2d at 32; *Harrington v. City of Biddeford*, 583 A.2d at 696.

It can be argued that since the Murphys' right of access over the undeveloped paper street appears to be shared by all the other property owners in the subdivision, the Murphys have no greater rights than any members of the public. If so, the Murphys would lack standing under *Nergaard v. Town of Westport Island*, 2009 ME 56 ¶¶ 18-21. However, the Murphys – albeit along with other property owners in the subdivision – have rights that are distinct from those of the general public, and this appears to be sufficient for purposes of standing. *See id.* ¶ 18.

Pilot Point LLC argues that even if the Murphys have standing to challenge the building permit, they do not have standing to challenge the Code Enforcement Officer's boundary determination because the Zoning Ordinance provides that the "property owner" may appeal a determination by the Code Enforcement Officer with respect to the location of a zoning district boundary. Ordinance § 19-2-4. However, the ordinance does not say that <u>only</u> the property owner may appeal such a determination, and section 19-5-3 of the ordinance allows an appeal by "any person" aggrieved by a decision of the Code Enforcement Officer. As a result, the Murphys may challenge both the building permit and the boundary determination.[5]

_____

[5] This issue is essentially academic because counsel for Goldman and Pilot Point LLC agreed before the ZBA that even if the Murphys could not independently challenge the boundary decision, they could challenge the boundary decision in the context of their challenge to the building permit. This may account for the ZBA's unanimous decision to vote that the Murphys

4

The Murphys contend that since the ZBA's decisions have twice been successfully appealed, the ZBA should be sternly reminded that it cannot abrogate its responsibilities. Murphy Reply Brief at 7 ("no aggrieved abutter should have to go through the effort, delay and expense that the Murphys have endured"). The court is not inclined to chastise the ZBA for its decision on standing. The Law Court has not conferred standing on all abutters and all property owners in the immediate vicinity based on that status alone. Instead, it has required that challenging parties also make a "reasonable" allegation of at least a minor potential adverse consequence. In the court's view, some of the Murphys' allegations of injury are unreasonable, and the Murphys fall at the outer limits of standing. The ZBA's decision was therefore understandable even though the court disagrees.

At this point all parties, including the Murphys, Goldman, and the Board itself – have been subjected to considerable effort, delay, and expense in connection with this case, and the appeals should therefore be promptly resolved – on the existing record if at all possible.

The entry shall be:

The September 24, 2013 decisions of the Cape Elizabeth Zoning Board of Appeals that the Murphys do not have standing to challenge the ornamental steps in question are vacated and the case is remanded for the Board to consider the Murphys' challenges on the merits. The Clerk is directed to incorporate this order in the docket by reference pursuant to Rule 79(a).

Dated: July 3, 2014

Thomas D. Warren
Justice, Superior Court

did not have standing as to the boundary decision after its tie vote on standing with respect to the building permit.

CLERK OF COURTS
Cumberland County
205 Newbury Street, Ground Floor
Portland, ME 04101


MARY COSTIGAN ESQ *Defendant Pilot Point's Attorney*
BERNSTEIN SHUR
PO BOX 9729
PORTLAND ME 04104-5029


JOHN WALL ESQ *Defendant Town of Cape Elizabeth*
MONAGHAN LEARY *Attorney*
PO BOX 7046
PORTLAND ME 04112-7046


RICHARD BRYANT ESQ *Plaintiff's Attorney*
VAN MEER & BELANGER
20 YORK STREET
PORTLAND ME 04101