Gladys I. SEABORNE

v.

**Theone F. LOOK, Chairman, et al., Board of County Commissioners, Washington County.**

Supreme Judicial Court of Maine.

Submitted on Briefs.

Decided Aug. 22, 1983.

---

---

Gladys I. Seaborne, plaintiff, pro se.

Michael E. Povich, Dist. Atty., Bronson Platner, Asst. Dist. Atty., Machias, for defendant.

Before McKUSICK, C.J., and GODFREY, NICHOLS, ROBERTS, VIOLETTE and WATHEN, JJ.

McKUSICK, Chief Justice.

Gladys I. Seaborne sought from the assessors of the Town of Jonesport a 1980 tax abatement for certain real estate located in that town. The assessors rejected her application. Mrs. Seaborne then applied to the Washington County Commissioners pursuant to 36 M.R.S.A. § 844 (1978), which states in pertinent part:

[I]f the assessors refuse to make the abatement asked for, the applicant may apply to the county commissioners . . . , and if they think that he is over-assessed, he shall be granted such reasonable abatement as they think proper . . . ."

The commissioners responded to Mrs. Seaborne's application by letter dated May 14, 1981, informing her that because she had not complied with the requirements of 36 M.R.S.A. § 706 (1978),[1] "this board cannot grant your request for a tax hearing."

Mrs. Seaborne filed a timely petition in the Superior Court (Washington County) for review of the county commissioners' action. The petition alleged, essentially, that 36 M.R.S.A. § 706 had in fact been complied with and that the commissioners were obligated to grant her a hearing on her tax abatement application. After a hearing on September 16, 1982, the Superior Court dismissed Mrs. Seaborne's petition. The Superior Court justice wrote:

The plaintiff informed the Court that the real estate involved is held in the name of and owned by her husband Ira Seaborne. It appears that the plaintiff is not a proper party to bring this action and has no standing before this Court.

■ In order to have standing to obtain judicial review of administrative action, a person "must demonstrate a particularized injury [therefrom]." *In re Lappie,* 377 A.2d 441, 442–43 (Me.1977). The Superior Court justice assumed that Mrs. Seaborne, if she did not own the taxed real estate, could not be aggrieved by the tax assessment upon it. In fact, 36 M.R.S.A. § 553 (1978) provides that real estate taxes may be assessed either to the owner or to a nonowner who is in possession. Thus, the reason given by the Superior Court justice for finding a want of standing is by itself inadequate to support the dismissal. Mrs. Seaborne might have been a nonowner in possession to whom the taxes were assessed.

It is not clear from the record whether Mrs. Seaborne is in fact the assessed taxpayer on the real estate owned by her husband; but her complaint, as well as the letter from the Jonesport assessors attached to her complaint, suggest that the Town may have taxed the real estate to her. In her complaint she sought review of the county commissioners' refusal "to grant the plaintiff a hearing for the abatement of *her* 1980 real estate taxes"; she alleges that "she did file a List of Estates"; and requested that the Superior Court order the county commissioners "to abate the *plaintiff's* 1980 tax assessment." (Emphasis added) This case must be remanded to the Superior Court for it to determine whether or not the real estate standing in the name of Mrs. Seaborne's husband was in fact taxed to her in 1980 as one in possession, so

---

1. Section 706 requires all "persons liable to taxation" to furnish to their assessors "true and perfect lists of all their estates" after receiving "reasonable notice" from the assessors. A person who receives proper notice but fails to furnish the list "is thereby barred of his right to make application . . . for any abatement of his taxes, unless he furnishes such list with his application and satisfies them that he was unable to furnish it at the time appointed."

as to make her a party aggrieved by the assessment.

The entry is:

Judgment vacated.

Remanded to the Superior Court for proceedings consistent with the opinion herein.

All concurring.