**Joseph J. RICCI et al.**

v.

**SUPERINTENDENT, BUREAU OF BANKING.**

Supreme Judicial Court of Maine.

Argued Nov. 20, 1984.

Decided Dec. 18, 1984.

Richard E. Poulos, John S. Campbell (orally), Portland, for plaintiffs.

Peter J. Brann (orally), Patricia M. McDonough, Asst. Attys. Gen., Augusta, for Superintendent of Banking.

Hiscock & Barclay, Nicholas M. Lanzilotta (orally), Frank G. Chapman, Augusta, for Key Bancshares.

Before NICHOLS, ROBERTS, VIOLETTE, WATHEN and GLASSMAN, JJ., and DUFRESNE, A.R.J.

GLASSMAN, Justice.

Joseph Ricci and Martha Amesbury appeal from a judgment of the Superior Court (Cumberland County) dismissing for lack of standing their complaint seeking review of a final agency action by the Superintendent of the Bureau of Banking. Since we agree with the Superior Court's finding that the plaintiffs have failed to allege any particularized injury that would allow them to challenge the Superintendent's decision, we affirm the Superior Court judgment.

In August 1983, Key Banks, Inc. of Albany, New York applied to the Bureau of Banking to acquire Depositors Corporation, a Maine bank holding company. On January 18, 1984, the Superintendent of the Bureau of Banking held a hearing on Key Banks' application. At that hearing Joseph Ricci testified and protested alleged deficiencies in the notices Key Banks had published concerning its application. He urged the hearing be continued until Key Banks republished additional notices. The Superintendent denied this request, and on January 30, 1984, he approved the acquisition of Depositors Corporation by Key Banks, effective February 29, 1984.

On February 29, Ricci filed a complaint in the Superior Court for review of the Superintendent's decision under M.R.Civ.P. 80C. That complaint was later amended to include appellant Martha Amesbury. The Superior Court granted the Superintendent's motion to dismiss the complaint for lack of standing, and the plaintiffs appealed to this court.

 Standing of a party to maintain a legal action is a "threshold issue" and our courts are only open to those who meet this basic requirement. *See Fletcher v. Feeney,* 400 A.2d 1084, 1089 (Me.1979). The test of standing for review of a decision of the Superintendent of the Bureau of Banking is set out in the statutes enacted by the legislature as interpreted by the decisions of this court. The Maine Banking Code, in 9–B M.R.S.A. § 256 (1980), provides that a person "affected adversely" by a decision of the Superintendent may appeal from that action to the courts. Such a judicial review is to be in accordance with the Maine Administrative Procedure Act. That act, in 5 M.R.S.A. § 11001(1) (Supp.1984–1985), provides that *"any person* who is *aggrieved* by final agency action shall be entitled to judicial review." (emphasis added). This court has previously defined the term "person aggrieved." Such an individual "has standing to seek review of an administrative action and simultaneously vindicate public rights where such person has suffered *'particularized injury'."* *Heald v. School Administrative Dist. No. 74,* 387 A.2d 1, 3 (Me.1978) (emphasis added). *See also Northeast Occupational Exchange v. Bureau of Rehabilitation,* 473 A.2d 406, 408 n. 6 (Me.1984); *Seaborne v. Look,* 464 A.2d 221, 222 (Me.1983). Thus, the central inquiry is whether the party seeking judicial relief has suffered an injury in fact distinct from the harm experienced by the public at large.

 In the case at bar, the plaintiffs in their complaint aver only that they are citizens of Maine, and that because of the allegedly deficient publication, they failed to receive adequate notice of Key Bank's

application and of their right to participate in the application process. They have neither claimed nor demonstrated, any specific injury in fact, pecuniary or otherwise, particular to themselves. The complaint only alleges an injury suffered by all the citizens of the State. Accordingly, the plaintiffs have not demonstrated that they have suffered any "particularized injury," and thus do not have standing in this case.

The order of the Superior Court granting the motion to dismiss was not error.

The entry is:

Judgment affirmed.

All concurring.