**GREAT HILL FILL & GRAVEL, INC.**

v.

**BOARD OF ENVIRONMENTAL PROTECTION.**

Supreme Judicial Court of Maine.

Argued Jan. 19, 1994.

Decided May 3, 1994.

Michael E. Chubrich (orally), Elderidge & Chubrich, Portsmouth, NH, for plaintiff.

Dennis J. Harnish (orally), Asst. Atty. Gen., Augusta, for defendant.

Before WATHEN, C.J., and ROBERTS, GLASSMAN, CLIFFORD, COLLINS, RUDMAN and DANA, JJ.

DANA, Justice.

Great Hill Fill & Gravel, Inc. appeals from a judgment entered in the Superior Court (York County, *Lipez, J.*) affirming a decision of the Board of Environmental Protection approving a consent agreement between the Department of·Environmental Protection and Merritt J. Shapleigh, who, without the requisite permit, had operated a sand and gravel pit on land that adjoined land owned by Great Hill. The agreement provided for a fine but did not impose any reclamation responsibilities on Shapleigh. Because Great Hill lacked standing to challenge the agreement, we vacate the judgment and remand with direction to dismiss the appeal.

■ To have standing to challenge a final agency action, a litigant must demonstrate a particularized injury as a result of the action. *Anderson v. Swanson,* 534 A.2d 1286, 1287–88 (Me.1987). The requirement of a particularized injury is met when "the judgment adversely and directly affects the party's property, pecuniary or personal rights." *Id.* at 1288 (citation omitted); *see also Nichols v. City of Rockland,* 324 A.2d 295, 297 (Me.1974) ("One who suffers only an abstract injury does not thereby gain standing to sue."). At the time of filing its complaint and throughout the period for seeking review Great Hill was, at most, only indirectly affected by Shapleigh's consent agreement. It had no direct, legal relationship with either the site owner or Shapleigh. *See Aetna Life Ins. Corp. v. Haworth,* 300 U.S. 227, 240–41, 57 S.Ct. 461, 81 L.Ed. 617, 621 (1937). Great Hill's legal rights and responsibilities were unchanged by the Board's decision. It cannot demonstrate any particu-

larized injury. Great Hill had no standing to challenge the decision. *Ricci v. Superintendent, Bureau of Banking*, 485 A.2d 645, 647 (Me.1984); *Heald v. School Admin. Dist. No. 74*, 387 A.2d 1, 3 (Me.1978); *In re Lappie*, 377 A.2d 441, 443 (Me.1977).

The entry is:

Judgment vacated.

Remanded to the Superior Court with direction to dismiss the appeal for lack of standing.

All concurring.