Carleton R. STORER

v.

DEPARTMENT OF ENVIRONMENTAL
PROTECTION.

Supreme Judicial Court of Maine.

Submitted on briefs Jan. 26, 1995.
Decided Feb. 17, 1995.

Carleton Storer, Poland Spring, pro se.

Margaret Bensinger McCloskey, Asst. Atty. Gen., Augusta, for defendant.

Before WATHEN, C.J., and ROBERTS, GLASSMAN, CLIFFORD, RUDMAN, DANA and LIPEZ, JJ.

RUDMAN, Justice.

Carleton Storer appeals from the judgment entered in the Superior Court (Androscoggin County, *Alexander, J.*) affirming the decision of the Board of Environment Protection (BEP) affirming the decision of the Department of Environmental Protection (DEP) approving his third application for modification of a site location permit. Storer complains here, as he has done at each level of his appeal, that the DEP does not have jurisdiction to regulate his land so as to require him to comply with the Site Location of Development Law (Site Law), 38 M.R.S.A. §§ 481–490 (1989 & Supp.1994).[1] Because we find that Storer has not been aggrieved by the action of the BEP, he has no standing to appeal. We therefore vacate the judgment of the Superior Court and remand this matter to the Superior Court with instruction to dismiss the complaint.

On October 21, 1975, Carleton Storer agreed to buy a 50–acre lot in Poland, a

---

1. 38 M.R.S.A. § 483–A (Supp.1994) provides:
No person may construct or cause to be constructed or operate or cause to be operated, or in the case of a subdivision, sell or lease, offer for sale or lease or use to be sold or leased, any development that may substantially affect the environment without first having obtained approval for this construction, operation, lease or sale from the department. A person having interest in, or undertaking an activity on, a parcel of land affected by an order or permit issued by the department may not act contrary to that order or permit.

portion of a large tract of land owned by the Black Cat Associates (BCA). Thereafter, pursuant to the Site Law, BCA filed an application for project approval with the DEP seeking approval of a 21–lot residential subdivision on a portion of its remaining land. The BEP approved the subdivision plan, and the following day, BCA conveyed the 50–acre lot to Storer.

Storer then subdivided his parcel into eight lots. The DEP later advised Storer that his action was in violation of the Site Law and required that he submit an application for approval of his subdivision. Without objection, Storer submitted an application for subdivision approval which was subsequently approved. Eleven years later, Storer applied for a permit modification to alter boundary lines of lots within the subdivision which was also approved. The following year, Storer applied for further project modification which the DEP granted.

Storer appealed from the DEP approval of the third permit application. He complained that his land was not part of the BCA subdivision and, therefore, was subject neither to the Site Law nor to regulation by the DEP. Disagreeing with his contention, the BEP affirmed the decision of the DEP granting Storer's application for a permit modification.

Storer filed a complaint seeking judicial review of the DEP decision pursuant to M.R.Civ.P. 80C, contending that his land was not a subdivision subject to regulation under the Site Law and that the DEP was without jurisdiction to impose restrictions upon it. The court denied the appeal and affirmed the decision of the DEP, finding that Storer's property is a subdivision within the meaning of the Site Law and is therefore subject to its regulation.

■ Any person who is "aggrieved" by final agency action is entitled to judicial review by the Superior Court. 5 M.R.S.A. § 11001 (1989). *See* M.R.Civ.P. 80C. To acquire standing to obtain judicial review of an administrative action, a person must demonstrate a particular injury therefrom.

*Hammond Lumber v. Finance Auth. of Me.,* 521 A.2d 283, 286 (Me.1987); *Anderson v. Comm'r. Dept. of Human Serv.,* 489 A.2d 1094, 1097 (Me.1985). The agency's action must actually operate prejudicially and directly upon a party's property, pecuniary or personal rights. *Hammond Lumber,* 521 A.2d at 286. *But see Matter of Lappie,* 377 A.2d 441, 442–43 (Me.1977) (abutting landowner was a "person aggrieved" by BEP's decision granting landowner's application to construct and operate landfill on her property, and thus had standing to seek review by virtue of the potential for particularized injury from the operation of the disposal facility).

■ In 1990, Storer submitted an application to the DEP for modification of his permit pursuant to the Site Law, just as he had done in 1978 when he subdivided the 50–acre parcel and again in 1989 when he altered the boundary lines. In 1990, as it had done in each instance, the DEP approved the application. We discern no particularized injury to Storer caused by the agency's grant of his application. In fact, Storer has benefitted in each instance from the agency order awarding him a revised permit. Without any notable particularized injury, Storer was not an aggrieved party, and therefore, he had no standing to seek judicial review. *See* 38 M.R.S.A. § 346(1) (Supp.1994);[2] *see also Great Hill Fill & Gravel, Inc. v. Board of Envtl. Protection,* 641 A.2d 184 (Me.1994).

The entry is:

Judgment vacated. Remanded to the Superior Court with instruction to dismiss the complaint.

All concurring.

2. *38 M.R.S.A. § 346(1)* (Supp.1994) provides in pertinent part:
   **1. Appeal to Superior Court.** Except as provided in section 347–A, subsection 3, any person aggrieved by any order or decision of the board or commissioner may appeal to the Superior Court.