STATE OF MAINE                                    SUPERIOR COURT
KENNEBEC, ss.                                     CIVIL ACTION
                                                  DOCKET NO. AP-07-10
                                                  *N M* -KEN- 2/26/2008


CARL LINDEMANN,

        Petitioner

    v.                                            DECISION AND ORDER


MAINE COMMISSION ON
GOVERNMENT ETHICS &
ELECTION PRACTICES,

        Respondent


        This M.R. Civ. P. 80C petition for judicial review results from the petitioner's request that the respondent, the Maine Commission on Governmental Ethics & Election Practices (Commission) investigate the conduct of the Maine Heritage Policy Center (MHPC) with regard to the statewide referendum campaign to enact a Taxpayer Bill of Rights (TABOR).

        In October 2006, in a letter faxed to the Commission, the petitioner requested an investigation because he believed that the MHPC had been heavily involved in supporting passage of TABOR but had failed to file disclosure forms pursuant to 21-A M.R.S.A. § 1056-B or register as a political action committee pursuant to 21-A M.R.S.A. § 1053. (R. 1.) On October 20, 2006, the Commission considered the request, heard presentations from petitioner, counsel for the MHPC, and the executive director of Democracy, Maine, and tabled the matter for further consideration the following week. (R. 2 at 3-23; 3 at 24-26.) Counsel for the MHPC asserted that it had not solicited or received contributions specifically targeted to influence the outcome of TABOR. (R. 6.)

The Commission determined from the information presented that the MHPC did not meet the definition of a political action committee, but that further research was necessary regarding whether the MHPC should be required to file a § 1056-B report. (R. 8 at 8, 9.)[1]

The petitioner sent a letter to the Commission and argued that it had reached the wrong conclusion with regard to the MHPC's status as a political action committee and submitted additional information. (R. 12 at 2-6 and attachments.) The Commission confirmed its conclusion that the MHPC was not a political action committee but that the MHPC was required to file a financial report under 21-A M.R.S.A. § 1056-B because evidence confirmed that it had raised or spent more than $1,500 to promote, initiate, or influence TABOR. (R. 22; 36 at 219-221; 37.) A motion to conduct further investigation failed by a 2-2 vote. (R. 36 at 238-239.) A motion to determine that the MHPC was not a political action committee passed by a 3-1 vote. (R. 36 at 239-240.) The Commission voted unanimously to require the MHPC to file a § 1056-B report within 30 days. (R. 36 at 240-241.) This decision was memorialized by letter on December 22, 2006. (R. 37.)

The petitioner argues that the Commission acted arbitrarily and capriciously, abused its discretion, committed errors of law and/or was affected by bias in a number of ways. Because the petitioner lacks standing to challenge the enforcement actions of the Commission, the petitioner's various arguments are not addressed and the petition is dismissed.

Maine's Constitution contains no "case or controversy" requirement for standing. Roop v. City of Belfast, 2007 ME 32, ¶ 7, 915 A.2d 966, 968. Maine's standing requirement is thus prudential rather than constitutional and limits access to the courts

---

[1] The Commission also solicited the opinions of several non-profit groups. See (R. 10, 15, 16, 17, 20, 36 at 180-200 and 201-205.)

to "those best suited to assert a particular claim." Id. (quoting Halfway House, Inc. v. City of Portland, 670 A.2d 1377, 1380 (Me. 1996)). In applying the standing doctrine, "[t]here is no set formula for determining standing. The judicial doctrine of standing 'has been applied in varying contexts causing it to have a plurality of meanings.'" Id. (quoting Walsh v. City of Brewer, 315 A.2d 200, 205 (Me. 1974)).

Rule 80C entitles "any person who is aggrieved by final agency action" to judicial review in the Superior Court. M.R. Civ. P. 80C; 5 M.R.S.A. § 11001. The Law Court has determined that standing to obtain judicial review of an administrative action requires demonstration of a particular injury from the action. Storer v. Department of Environmental Protection, 656 A.2d 1191, 1192 (Me. 1995). "The agency's action must actually operate prejudicially and directly upon a party's property, pecuniary or personal rights." Id. The harm must be "distinct from the harm experienced by the public at large" and not one "suffered by all the citizens of the State." Ricci v. Superintendent, Bureau of Banking, 485 A.2d 645, 647 (Me. 1984).

The petitioner claims that the Commission's decision deprived citizens of "information vital to the electoral process and to the choices faced by voters in an election." (Pet.'s Rep. Br. at 5.) He argues that this falls within the "zone of interests" sought to be protected by the pertinent election laws and that the alleged injury is sufficient to establish his standing. Id. at 3; see Federal Election Commission v. Akins, 524 U.S. 11 (1998).

In Akins, the Court interpreted the provision of remedies for aggrieved parties in the Federal Election Campaign Act of 1971 (FECA). The Court found that the failure to obtain information fell within the "zone of interests" protected by FECA. Id. at 19-20. FECA provides that "any person who believes a violation of this Act . . . has occurred, may file a complaint with the Commission." Akins, 524 U.S. at 19 (citing 2 U.S.C. §

437g(a)(1)). The petitioner argues that this language is parallel to the provision of section 1003(2): "[a] person may apply in writing to the commission requesting an investigation concerning the registration . . . and contributions by or to and expenditures by a person, candidate, treasurer, political committee or political action committee." 21-A M.R.S.A. §1003(2). The petitioner argues further that the language in FECA, "'any party aggrieved by an order of the Commission dismissing a complaint filed by such party . . . may file a petition' in district court seeking review of that dismissal" is parallel to the language in the Maine Administrative Procedure Act, "any person who is aggrieved by final agency action shall be entitled to judicial review thereof". See Akins, 524 U.S. at 19 (citing 2 U.S.C. §437g(8)(A)); 5 M.R.S.A. § 11001(1).

In Akins, the FEC argued that the petitioners did not have standing because agency enforcement actions are "an area generally not subject to judicial review." Akins, 524 U.S. at 26. The Court agreed that agency enforcement decisions are traditionally committed to agency discretion and concluded that Congress did not intend to alter that tradition by enacting the APA. Id. (quoting Heckler v. Chaney, 470 U.S. 821, 832 (1985)). The Court determined, however, that unlike the APA, FECA explicitly indicated the contrary with regard to judicial review. Id.[2] FECA allows any party aggrieved by the FEC's dismissal of a complaint to seek review in federal district court. Id. at 19. The Court found that "nothing in the Act that suggests Congress

---

[2] This essential distinction between the APA and FECA is also noted by the dissenting justice who believed that this distinguishing provision of FECA rendered it unconstitutional. Akins, 524 U.S. at 29-30 (Scalia, J., dissenting) ("The provision of law at issue in this case is an extraordinary one, conferring upon a private person the ability to bring an Executive agency into court to compel its enforcement of the law against a third party. Despite its liberality, the Administrative Procedure Act does not allow such suits, since enforcement action is traditionally deemed 'committed to agency discretion by law.'").

intended to exclude voters from the benefits of these provisions, or otherwise to restrict standing". Id. at 19-20.

None of the statutes relied on by the petitioner explicitly indicates an intent to alter the traditional discretion given to agency enforcement actions in a way similar to FECA. See 21-A M.R.S.A. § 1001, et seq.; 5 M.R.S.A. § 11001, et seq. The petitioner has expressed only a generalized injury indistinct from any injury to the public at large and as a result has failed to satisfy the "threshold issue" of standing. Ricci, 485 A.2d at 647.[3]

The entry is

The Petition is DISMISSED.

Date: February 26, 2008

Nancy Mills
Justice, Superior Court

---

[3] The petitioner dedicates a significant part of his reply brief to a discussion of public policy considerations that support granting him standing. The FECA, unlike Maine's election laws, requires judicial review of claims that traditionally would have been committed to agency discretion. Akins, 524 U.S. at 26.