STATE OF MAINE
CUMBERLAND, ss.

SUPERIOR COURT
CIVIL ACTION
DOCKET NO: CV-11-420
UAW - cum- 12/1/2011

WILLIAM ORR

        Plaintiff,

v.

TOWN OF STANDISH

        Defendant,

**ORDER**

STATE OF MAINE
Cumberland, ss, Clerk's Office

DEC 01 2011

**RECEIVED**

Before the court is the defendant's[1] Motion to Dismiss the Complaint under M.R. Civ. P. 12(b)(1) and 12(b)(6).

**BACKGROUND**

The plaintiff, William Orr ("Plaintiff" or "Orr") filed a Complaint on September 20, 2011 alleging a failure to comply with the Town of Standish Charter, Ordinances, Codes and Maine Statutes regarding the subdivision of land by the Town Manager and other elected town officials ("Defendant"). The Plaintiff seeks to have a certain approved plan invalidated, testing of a road constructed pursuant to the plan to confirm that it meets specifications, the Town Manager's resignation without benefits, resignation of the chair of the Planning Board, removal of the town planner, and "suspension of the Code Enforcement Officer until such time he has been retrained on codes." (Compl. 10.)

---

[1] The Plaintiff has captioned the action as "William Orr v. Town of Standish, Maine and Elected Officials, et al." The Plaintiff has not identified the elected officials included and he does not seek relief against any of these officials in their individual capacity. The real party in interest is the Town because the individual elected officials were acting in their official capacity.

1

The subdivision plan in question was first given preliminary approval in January of 2006, with final approval coming in June of 2006. The applicants are Gordon Billington, the Town Manager, and his wife Carol Billington, the Chair of the Planning Board.[2] After final approval, it appears that the Planning Board Administrator did not file the plan with the Cumberland County Registry of Deeds within 15 days as required by section 181-85 of the Town of Standish Code of Ordinances. Therefore, according to that section of code, the Planning Board's approval of the plan became null and void 90 days after the approval was granted. In January 2010, the applicants sought to amend the plan to bring it in line with changes to the town ordinances occurring since final approval in 2006. That application was approved and the updated plan was recorded in the Cumberland County Registry of Deeds in Plan Book 210, Page 35. The Plaintiff alleges that work on this subdivision began on January 8, 2011, is in violation of the town ordinances because the original plan approval and the amendment are nullities.[3] The Plaintiff also alleges that the acreage used to calculate the number of lots approved is incorrect such that too many lots were approved and that those lots are taxed at the woodland rate but should be taxed at the residential rate.

In addition to the invalidation of the plan, the Plaintiff seeks to oust the local government officials. He states:

---

[2] There is no dispute that Carol Billington properly recused herself from all Planning Board action regarding her application for approval.
[3] The Plaintiff alleges that approval for the plan expired three years after approval was granted. He cites to section 181-70.1 of the code of ordinances, which states that a site plan approval expires three years after approval was granted unless the applicant has made a substantial start. This section applies to site plan approvals not to subdivision plan approvals. However, based on the language in section 181-85, because the final approved plan was not recorded within 90 days of approval and no extension was given, it appears that the original plan is in fact null and void.

2

The point here is the Standish Town employees believe they are the government of the town and this attitude starts at the top with the Town Manger and prevails with many employees. They are to follow the same ordinances and laws as all the taxpayers are required to do and their job is to apply them.

(Compl. 8.)

## DISCUSSION

The purpose of a motion to dismiss is to test the legal sufficiency of the complaint. *McAfee v. Cole*, 637 A.2d 463, 465 (Me. 1994). The court examines "the complaint in the light most favorable to the plaintiff to determine whether it sets forth elements of a cause of action or alleges facts that would entitle the plaintiff to relief pursuant to some legal theory." *Id.* When testing the complaint under M.R. Civ. P. 12(b)(6), the material allegations of the complaint must be taken as admitted. *Id.* "Dismissal is warranted when it appears beyond a doubt that the plaintiff is not entitled to relief under any set of facts that he might prove in support of his claim." *Johanson v. Dunnington*, 2001 ME 169, ¶ 5, 785 A.2d 1244.

The Town of Standish ("Town" or "Defendant") filed a motion to dismiss the complaint on the grounds that the Superior Court lacks subject matter jurisdiction because it is time barred and on the grounds that the Plaintiff has not stated a cause of action on which relief may be granted.[4] The Town is also seeking legal fees from the Plaintiff for having filed a frivolous lawsuit in violation of M.R. Civ. P. 11.

To the extent that the Plaintiff seeks to have the plan invalidated, he is seeking review of governmental action. "Rule 80B is the sole means for seeking Superior Court review of 'action' or 'failure or refusal to act' by any governmental

---

[4] The Town also, as an affirmative defense raised in its answer, alleges insufficiency of process or insufficiency of service of process for failure to serve the complaint on the Town pursuant to M.R. Civ. P. 4(c) and 4(d)(5). The Town has not argued this affirmative defense in its motion to dismiss and seeks to preserve this defense.

3

agency, whether such review is specifically authorized by statute or is 'otherwise available by law." *Sold v. Town of Gorham*, 2005 ME 24, ¶ 13, 868 A.2d 172 (quoting Field, McKusick & Worth, *Maine Civil Practice* § 80B.1 at 565 (Supp. 1981)). Under M.R. Civ. P. 80B(b) the time for filing a complaint for review of government action under this rule is 30 days after notice of action or refusal to act. The most recent action by the Planning Board occurred on January 4, 2010. This Complaint was filed over 20 months later. Because time limits are jurisdictional, the Plaintiff's failure to file a timely appeal of the Planning Board's approval of this subdivision plan deprives this court of subject matter jurisdiction.

At oral argument, the Plaintiff argued the town officials are not following the town charter and that he is seeking a declaratory judgment that the town charter is the "enforcing document." The court questions whether the Plaintiff has standing to pursue this complaint. In Maine, standing is prudential rather than constitutional, meaning that the courts may limit access to those who are best suited to bring a particular claim. *Lindermann v. Comm'n on Governmental Ethics & Election Practices*, 2008 ME 187, ¶ 8, 961 A.2d 538. For a party to prove that they are best suited to bring a claim, it must, at a minimum, demonstrate a sufficient personal state in the controversy at the commencement of litigation. *Mortgage Electronic Registration Systems, Inc. v. Saunders*, 2010 ME 79, ¶ 7, 2 A.3d 289. This requirement has also been articulated as requiring a "particularized injury": that is, an effect on a party's property, pecuniary, or personal rights. *Nergarrd v. Town of Westport Island*, 2009 ME 56, ¶ 18, 973 A.2d 735. "A person suffers a particularized injury only when that person suffers injury or harm that

4

is 'in fact distinct from the harm experienced by the public at large.'" *Id.* (citing *Ricci v. Superintendent, Bureau of Banking*, 485 A.2d 645, 647 (Me. 1984)).

The Plaintiff has not alleged any facts indicating that he is in fact injured by the approval and construction of this subdivision. To the extent that the injury is that the elected officials acted outside of the scope of the town charter and ordinances and conferred an unjust enrichment on the applicants (by creating more lots than deserved and not imposing residential tax rates), the Plaintiff has not alleged any facts indicating how his injury is distinct from the harm experienced by the public.

To the extent that the Plaintiff continues to seek the relief identified in the Complaint, that relief is not available to him as a taxpayer. A Town Manager may be removed from office by the selectmen of a town by filing a resolution to that effect with the town clerk. *See* 30-A M.R.S § 2633 (2010). The Superior Court has no jurisdiction to remove an elected town official from office. The conflict of interest statute may void a vote taken by a municipal body if an official in his official position votes on any question in which he has a direct or indirect pecuniary interest. 30-A M.R.S. § 2605(1). While the Superior Court may restrain such an action but only upon the application of ten residents of the municipality. 30-A M.R.S. § 2605(3). In this case none of the voting members of the Planning Board had a direct or indirect pecuniary interest in the approval of the subdivision. Even taking the facts alleged as true, the Plaintiff has not stated a claim for which this relief can be granted.

The Defendant has requested attorney's fees in the amount of $500 because of the Plaintiffs "baseless and frivolous" lawsuit. A trial court has inherent authority to sanction a party for abuse of the litigation process but such

5

authority should be use sparingly and only in the most extraordinary circumstances of abuse. *Cimeniam v. Lumb*, 2008 ME 107, ¶ 11, 951 A.2d 817. Although the court finds that the Plaintiff's claims should be dismissed, the court does not find that the Plaintiff's actions were so frivolous or baseless as to merit the award of attorney's fees.

**The entry is:**

The Defendant's Motion to Dismiss is granted.

DATE: December 1, 2011

Joyce A. Wheeler
Justice, Superior Court

William Orr-Pro Se Plaintiff

Sally Daggett Esq-Town of Standish

6